## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0005 |
| ) | |
| SOMALIE BRUCE and JEANORAH ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is Defendant Somalie Bruce's ("Bruce") Motion to Continue the trial in this matter currently scheduled for May 9, 2022. (ECF No. 128.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including October 3, 2022.

On April 19, 2022, Defendant Bruce filed the instant motion to continue. The motion asserts that defendant's counsel is scheduled to appear at a conflicting trial at the Superior Court of the Virgin Islands on May 9, 2022, which was scheduled prior to the instant matter. *Id.* at 2. Bruce has discussed the matter with all other parties, and they do not object to the motion to continue. *Id.*

Under the Speedy Trial Act, courts should consider "[w]hether the failure to grant such a continuance in a case which . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Consistent with these concerns, the courts have granted continuances due to scheduling conflicts. *See United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (upholding an ends of justice continuance based in part on counsel's family emergency and scheduling conflicts); *see also United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) ("[W]hether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted."); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994)

*United States v. Bruce et al.*
Case No.: 3:21-cr-0005
Order
Page 2 of 3

("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'").

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow the Bruce to maintain continuity of counsel, which he would otherwise be denied due to his counsel's conflicting trial schedule.[1]

The premises considered, it is hereby

**ORDERED** that Defendant Somalie Bruce's motion to continue, ECF No. 128, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through October 3, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than September 23, 2022, which shall include the following: (a) proposed list of witnesses; (b)

---

[1] Additionally, Defendant Jeanorah Williams has filed two motions to suppress in this matter. *See* ECF Nos. 43 and 45. Any delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is automatically excluded from the time within which a trial must commence. See 18 U.S.C. § 3161(h)(1)(D). Therefore, the time between the filing of Defendant Williams' motions to suppress automatically tolls the time in which the trial in this matter must be commenced from the time of filing until a hearing is held on the pending motions to suppress. The Speedy Trial Act also excludes up to an additional thirty days following any hearing during which time the pending motions to dismiss are actually under advisement. See 18 U.S.C. § 3161(h)(1)(H). Thus, Defendant Williams' pending motions to suppress constitute an independent basis for extending the time in which the trial in this matter must commence, separate from any ends of justice finding.

Moreover, during the status conference held on May 6, 2022, the Court expressed some concern over the troubling increase in COVID-19 infection rates in the Territory. According to the most recent reports from the Virgin Islands Department of Health, there are currently 775 active cases in the Territory. Furthermore, the Territory is currently experiencing a 7-day average infection rate of 100.9 cases per day.

To date, the COVID-19 virus has claimed more than 996,000 lives in the United States (113 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. As a multi-defendant case, this case presents significant challenges for the Court to comply with social distancing guidelines during the jury trial. Practical considerations would require additional spacing for Defendants, counsel, and jurors—and the potential for additional jurors in the courtroom. As such, the Court finds that extending the period within which Defendants may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendants, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than September 28, 2022;[2] and it is further

**ORDERED** that the Jury Selection and Trial previously scheduled for May 9, 2022, is hereby **CONTINUED** to commence promptly at **9:00 a.m. on October 3, 2022,** in St. Thomas Courtroom 1.

**Dated:** May 6, 2022                                   */s/Robert A. Molloy*
                                                        **ROBERT A. MOLLOY**
                                                        **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.