# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>SOMALIE BRUCE and JEANORAH WILLIAMS,<br><br>      Defendants. | CRIM. NO. 3:21-cr-05 |

## UNITED STATES' TRIAL BRIEF

COMES NOW, the United States of America, by and through Dela L. Smith, United States Attorney for the District of the Virgin Islands, and Everard E. Potter, Assistant United States Attorney, and hereby files its Trial Brief.

### I.

### STATEMENT OF THE CASE

**A. INDICTMENT**

On March 18, 2021, a federal grand jury returned a five-count indictment charging defendants with Conspiracy to Traffic Firearms, Selling Firearms without a License, shipping and receiving firearms in interstate commerce, Unlawful Possession of a Firearm, and unauthorized Possession of Ammunition. Defendant Bruce is charged separately with Conspiracy to Possess Cocaine with Intent to

Distribute, Possession of Cocaine with Intent to Distribute, and Possession of a firearm with an Obliterated Serial Number.

### B. TRIAL STATUS

A jury trial is scheduled for October 3, 2022. The United States' case-in-chief is expected to last three days.

### C. STATUS OF COUNSEL

Defendant Somalie Bruce is represented by Clive Rivers.

Defendant Jeanorah Williams is represented by Kia Sears.

### D. CUSTODY STATUS

Defendant Bruce is detained.

### E. INTERPRETER

The United States will not require an interpreter

### F. PRETRIAL MOTIONS AND MOTIONS IN LIMINE

The government believes that the following pre-trial motions remain outstanding:

1. Defendant Williams' Motion to Suppress. ECF 45. There are no motions in limine.

### G. STIPULATIONS

The parties have not entered into any stipulations.

## H. DISCOVERY

The United States has complied, and will continue to comply, with its discovery obligations. Defendant has produced no reciprocal discovery.

## II

## STATEMENT OF FACTS

This case involves multiple allegations of firearms related charges and drug trafficking. In March 2020, Customs and Border Protection intercepted a parcel that was later found to contain over 1.1 kilograms of cocaine, a Schedule II controlled substance. The parcel was mailed from a post office in St. Croix. The investigation revealed the co-defendant, Somalie Bruce, mailed the package to an address in Massachusetts. The manifest listed the package was supposed to contain cranberry walnut cake. No cake or other baked goods were in the parcel; only the cocaine was found.

The United States Postal Inspection Service (USPIS) and Homeland Security Investigations (HSI) later learned that his girlfriend, Defendant Jeanorah Williams, had purchased 67 postal money orders totaling over $65,000 made out to various gun manufacturers located in Florida and North Carolina. Investigators later discovered that from May 2019 to July 2020 over 70 parcels from these same firearm companies were mailed to either defendant or his girlfriend/co-defendant, Williams.

For example, on July 31, 2020, HSI intercepted a parcel that was addressed to Bruce. The sender was listed as FTF Industries, in North Carolina. This company

was one of several companies Bruce and/or Williams sent money orders to purchase firearms parts. The package was found to contain multiple firearm parts including 12 M16 rifle bolt assemblies, 1 AR15 rifle barrel, and several flare gun inserts which could be used to convert a flare gun into a firearm. The invoice indicated that order had been placed by Bruce and the total amount was for $2,314.73. Bruce retrieved this package from the St. Croix Post office on August 3, 2020.

An email search warrant was obtained for Bruce's email account in August 2020 and revealed invoices to various firearms companies totaling over $95,000 in purchases of firearms parts and accessories between May 2019 and August 2020. Over 200 firearm related parts had been purchased form the invoices contained in Bruce's email account. The parts were primarily for the construction of multiple AR-15 and M-16 rifles as well as multiple Glock handguns. For example, an order from May 24, 2019 listed a purchase of over 50 magazines for Glock handguns. Two consecutive orders on July 15, 2020 and July 16, 2020 listed a combined purchase of 36 AR-15 lower receivers.

Several other parcels addressed to either Bruce or Williams were intercepted by federal law enforcement between October 2020 and December 2020, each revealing multiple firearm parts and accessories. Each of these parcels were picked up by either Defendant, or his girlfriend/co-defendant, Williams, at one of two post offices in St. Croix.

Neither Bruce nor Williams are licensed firearm dealers, importers or manufacturers as defined by federal law. Neither has a license or permit to carry, possess, or otherwise have a firearm under Virgin Islands law.

It was later learned that Bruce would construct firearms at two locations – his apartment he shared with his girlfriend/co-defendant, Williams, or at a vacant lot which Bruce owns, which housed a Conex Box and shed, which had a bed inside:

On December 8, 2020, two federal search warrants were executed – one at the apartment and the other at the vacant lot with the Conex box and shed. Investigators located multiple firearms parts, accessories and tools to build various types of firearms and about $13,000 in cash. Investigators also located several completed firearms including one with an obliterated serial number, a shotgun, and five handguns. One firearm was found in a vehicle.

Both Bruce and Williams were interviewed on December 8, 2020. Each was Mirandized and both waived their rights and agreed to speak with agents. Both interviews were video recorded. Defendant Williams signed a written *Miranda* waiver. In sum, Williams admitted that she was aware of the firearm parts in her apartment, knew Bruce made firearms in her apartment, and admitted to picking up packages at the post office which she knew contained firearms parts. Bruce gave Williams cash to purchase money orders for the firearm parts. She saw Bruce leave with the firearm parts in a bag.

When Williams was ultimately arrested on March 22, 2021, she was once again interviewed. Once again, she was advised of her Miranda rights and again, waived those rights. She signed a written waiver form. Once again, the interview was recorded. A copy of that recording was produced to Defendant. In sum, Williams denied owning the additional firearm parts found in her apartment which she shared with her codefendant, Bruce. She admitted Bruce resided with her and that no one else stored items in the apartment. She admitted to purchasing money orders and collecting packages containing firearm parts from the Post Office. She further admitted she visited the Hannah's Rest property with the Conex Box with firearms and firearms parts inside. Williams stated that to her knowledge, no one other than Bruce uses the Conex Box.

### III

### PERTINENT LAW AND LEGAL ISSUES

**18 USC § 922(a)(1)(A)):  Unlicensed Firearms Dealer**

1. (**Element**):  Defendants is not licensed to import or manufacture Firearms; and

2. (**Element**):  Defendants willfully engaged in the business of importing and manufacturing firearms.

**18 U.S.C. § 922(k): Possession of Obliterated Firearm**

1. **(Element):**  Defendant knowingly possessed a firearm that had moved in interstate commerce

2. **(Element):**  The serial number of the firearm had been removed, altered or obliterated; and

3. **(Element)**:  Defendant knew the serial number had been removed, altered or obliterated

## 21 USC §841(a)(1)  Possession With Intent to Distribute

1. **(Element)**: Defendant knowingly and Intentionally Possessed Cocaine;
2. **(Element)**: The Substance was in fact Cocaine
3. **(Element)**: Defendant possessed it with intent to distribute; and
4. **(Element)**: The weight of the Cocaine was 500 grams or more

## 21 USC § 846:  Conspiracy to Possess with intent to Distribute

1. **(Element)**: 2 or more persons agreed to violate federal drug laws;
2. **(Element)**: Defendant knew the essential object of the Conspiracy;
3. (**Element**):  Defendant knowingly involved himself;
4. (**Element**): There was interdependence among the members; and
5. (**Element**): The conspiracy involved 500 grams or more of cocaine

## 14 VIC § 2253(a):  Possession of an Unlicensed Firearm

1. (**Element**): Defendant knowingly;
2. (**Element**):  Possessed a firearm; and
3. (**Element**):  Without lawful authority

IV

## WITNESSES

The United States reserves the right to change the order of, substitute, or add or omit one or more witnesses. The United States expects to call the following witnesses during its case-in-chief:

1. Nick Carter, ATF
2. Eric Oram, Postal Inspection Service
3. Derek Coffey, HIS
4. Bernhardt Simmonds, HIS
5. Brien Webber, HIS
6. DEA Chemist

V

## EXHIBIT LIST

A final exhibit list will be provided at trial. The United States anticipates offering the following exhibits at trial, all of which have been produced or otherwise made available to counsel. The United States reserves the right to add, delete, or amend its exhibit list.

1. Photograph of cocaine
2. Photograph of guns on display
3. Photograph of residence

    4.     Photograph of Trailer

    5.     Photograph of Glock clip

    6.     Photograph of obliterated firearms

    7.     Interview of Bruce

    8.     Interview of Williams

## VI

## **VOIR DIRE**

The United States request that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury instructions:

1. Of those of you who have sat on criminal juries, whose jury reached a unanimous verdict?

2. Has anyone had an unpleasant experience with any law enforcement personnel?

3. Has anyone had any disputes with any agency of the United States Government?

4. Have you, your relatives, or your close friends been investigated, arrested, accused, or charged with a crime?

5. Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

6. Does everyone understand that as a juror you are not to consider prejudice, pity, or sympathy in deciding whether the Defendant is guilty or not guilty?

7. Does anyone think that, regardless of the strength of the evidence, they will have trouble deciding whether the Defendant is guilty or not guilty?

8. Does anyone think they cannot decide whether a person is guilty or not guilty?

9. Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

The United States respectfully reserves the right to submit additional questions prior to trial.

## VII

## JURY INSTRUCTIONS

The United States restates here the elements of the offenses referenced in Section III of this Trial Brief and reserves the right to request additional instructions.

Dated: September 23, 2022        DELIA L. SMITH
                                 UNITED STATES ATTORNEY

                          By:    s/ Everard E. Potter
                                 Everard E. Potter
                                 Assistant United States Attorney
                                 U.S. Attorney's Office
                                 5500 Veteran's Drive, Suite 260
                                 St. Thomas, VI 00802-6214
                                 TEL: (340) 774-5757
                                 EMAIL: Everard.potter@usdoj.gov