IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 3:21-CR-05 |
| SOMALIE BRUCE, | |
| Defendant. | |

### GOVERNMENT'S SENTENCING MEMORANDUM

**COMES NOW,** the United States of America, by its attorneys, Delia L. Smith, United States Attorney for the District of the Virgin Islands and Everard E. Potter, Assistant United States Attorney, files the following sentencing memorandum.

### FACTS

This case involves multiple allegations of firearms related charges and drug trafficking. In March 2020, Customs and Border Protection intercepted a parcel that was later found to contain over 1.1 kilograms of cocaine, a Schedule II controlled substance. The parcel was mailed from a post office in St. Croix. The investigation revealed the defendant, Somalie Bruce, mailed the package to an address in Massachusetts. The manifest listed the package was supposed to contain cranberry walnut cake. No cake or other baked goods were in the parcel; only the cocaine was found.

Further investigating the matter, the United States Postal Inspection Service (USPIS) and Homeland Security Investigations (HSI) learned that defendant's girlfriend, co-defendant Jeanorah Williams, had purchased 67 postal money orders totaling over $65,000 made out to various gun manufacturers located in Florida and North Carolina. Investigators later discovered that from May

2019 to July 2020 over 70 parcels from these same firearm companies were mailed to either defendant or Williams.

For example, on July 31, 2020, HSI intercepted a parcel that was addressed to defendant. The sender was listed as FTF Industries, in North Carolina. This company was one of several defendant or Williams sent money orders to purchase firearms parts. The package contained multiple firearm parts including 12 M16 rifle bolt assemblies, 1 AR15 rifle barrel, and several flare gun inserts which could be used to convert a flare gun into a firearm. The invoice indicated defendant placed the order and paid $2,314.73. He retrieved this package from the St. Croix Post office on August 3, 2020.

An August 2020 search warrant for defendant's email account revealed invoices to various firearms companies totaling over $95,000 in purchases of firearms parts and accessories between May 2019 and August 2020. The invoices showed that over 200 firearm related parts had been purchased. The parts were primarily for the construction of multiple AR-15 and M-16 rifles as well as multiple Glock handguns. For example, an order from May 24, 2019, listed a purchase of over 50 magazines for Glock handguns. Two consecutive orders on July 15, 2020, and July 16, 2020, listed a combined purchase of 36 AR-15 lower receivers.

Several other parcels addressed to either defendant or Williams were intercepted by federal law enforcement between October 2020 and December 2020, each revealing multiple firearm parts and accessories. Each of these parcels were picked up by either Defendant, or Williams at one of two post offices in St. Croix.

Neither defendant nor Williams were licensed firearm dealers, importers or manufacturers as defined by federal law. Neither had a license or permit to carry, possess, or otherwise have a firearm under Virgin Islands law.

It was later learned that defendant would construct firearms at two locations – his apartment he shared with Williams, or at a vacant lot he owns, which housed a Conex Box and shed.

On December 8, 2020, two federal search warrants were executed – one at the apartment and the other at the vacant lot with the Conex box and shed. Investigators located multiple firearms parts, accessories and tools to build various types of firearms and about $13,000 in cash. Investigators also located several completed firearms including one with an obliterated serial number, a shotgun, and five handguns. One firearm was found in a vehicle. Defendant was ultimately arrested, and he admitted to the essential allegations stated herein. Defendant entered his guilty plea on March 30, 2023.

In anticipation of sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR") setting forth the guideline calculations applicable to defendant's offense. The government believes the Office of Probation correctly calculated defendant's total offense at level 30 with a criminal history category I, and an imprisonment range of 97-121 months.

## LAW

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005):

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines

calculation and take into account our Circuit's pre-Booker case law, which continues to have advisory force.

(3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (*citing* United States v. King, 454 F.3d 187, 194, 196 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006)).   In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision.  United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (*en banc*).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence.  "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it."  Cooper, 437 F.3d at 329.  *See also* Rita v. United States, 551 U.S. 338, 356-57 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."); United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006).

## THE RELEVANT 3553 FACTORS

1. The government submits that trafficking in firearms in a very serious offense.  Here this defendant used his intellect and skills to assemble multiple firearms and placed

these firearms on the market for sale. The evidence suggests that the defendant sold these firearms on St. Croix, the British Virgin Islands and Puerto Rico. Given the prevalence of gun violence in the territory, defendant's conduct reflects a certain callousness for human life. He is a resident of St. Croix and is painfully aware how gun violence affects his community. Armed with this awareness, he still willfully chooses to supply firearms to the criminal element in the community in which he resides.

Similarly, the defendant trafficked in cocaine. Gun activity coupled with illegal narcotics suggests a certain lawlessness that this court should equally deter.

2. The government advocates a sentence reflective of defendant's conduct. Defendant's sentence should promote respect for the law and deter defendant and same minded individuals from undertaking similar conduct. In this regard, the calculated Guideline sentence could satisfy this objective.

## CONCLUSION

The government is satisfied that a Guideline sentence is appropriate to serve the policy mandates of the United States Sentencing Commission.

Respectfully Submitted,

DELIA L. SMITH
UNITED STATES ATTORNEY

Dated: August 18, 2023

/s/Everard E. Potter
Everard E. Potter
Assistant United States Attorney
5500 Veterans Drive, Suite 260
St. Thomas, VI 00801
everard.potterr@usdoj.gov